**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THOMAS A. SIMONIAN,

      Plaintiff,

  v.

GLOBAL INSTRUMENTS, LTD. and
GLOBAL TV CONCEPTS, LTD.,

      Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant GLOBAL INSTRUMENTS, LTD. and GLOBAL TV CONCEPTS, LTD. ("Defendants") as follows:

**I.**
## NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendants have violated 35 U.S.C. §292(a), by marking certain of their Riddex® branded products with United States Patent Number 4,802,057 ("the '057 Patent" or "the Expired Patent"), even though the '057 Patent has been expired since January 11, 2008. On information and belief, Defendant marks certain of its Riddex® branded pest repellant products with the Expired Patent with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4.      Plaintiff is a person residing in Geneva, Illinois.

5.      Defendant Global Instruments, Ltd. is a corporation established under the laws of the State of Iowa with its principal place of business at 819 Industrial Dr., Trenton, Missouri 64683.

6.      Upon information and belief, Defendant Global Instruments, Ltd. is the maker and manufacturer of Riddex® products and a manufacturer of pest repellant products.  In particular, Defendant currently sells, for example, the Riddex® Plus Pest Repelling Aid.

7.      Defendant Global TV Concepts, Ltd. is a corporation established under the laws of the State of Florida with its principal place of business at 676 South Military Trail, Deerfield Beach, Florida 33442.

8.      Upon information and belief, Defendant Global TV Concepts, Ltd. is the distributor and marketer of Riddex® products, and specifically the Riddex® Plus Pest Repelling Aid.

9.      The Riddex® Plus Pest Repelling Aid is currently sold in packaging marked as shown below (next page):

2





10.     Defendants advertise and market the Riddex® Plus Pest Repelling Aid as the "best product of its kind on the market.  Riddex® Plus will rid your home of rodents in a safe, chemical free way. Patented electromagnetic technology repels unwelcome rodents without killing them—  a   humane   way   to   get   rid   of   pests." (See   for   example,

http://www.shoptvproducts.tv/products/Riddex_Plus_Set_of_2-8-item.html,    last    visited    on
February 24, 2010, as well as the product packaging).

11.     Upon information and belief, Defendants each are sophisticated companies having
experience applying for and obtaining patents.

12.     As    a    sophisticated    company,    Defendants    (by    themselves    or    by    their
representatives) know, or reasonably should know, of the requirements of 35 U.S.C. §292.

### III.
### JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
1338(a).

14.     Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§
1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale
and sold in this District.

15.     This Court has personal jurisdiction over Defendant because it has sold and
continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of
commerce with knowledge that they would be sold in Illinois and in this District.    Upon
information and belief, such sales by Defendants are substantial, continuous, and systematic.

### IV.
### COUNT I - FALSE MARKING OF THE '057 PATENT

16.     Plaintiff incorporates paragraphs 1-15 as if fully set forth herein.

17.     When a patent expires, all prospective rights in the patent terminate irrevocably.
Therefore, a product marked with an expired patent is not currently protected by such expired
patent.

18.     Defendants, by themselves or by their representatives, cannot genuinely believe
that a patent does not expire and that prospective patent rights apply even after its expiration.

19.    The '057 Patent, entitled "Rodent Control Device," was filed on January 11, 1988, issued on January 31, 1989 and expired on January 11, 2008.  A true and correct copy of the '057 Patent is attached hereto as Exhibit A.

20.    The Abstract of the '057 Patent states as follows:

*"An improved rodent control device for generating a pulsating and interrupted magnetic field offensive to rodents in buildings includes a housing, an electrical circuit for generating the pulsating magnetic field and an electrical supply member for electrically connecting the electrical circuit with an AC power source. The electrical circuit includes a low voltage circuit for generating a pulsed and interrupted frequency gating signal, a signal amplifying device, and a high voltage circuit that produces a pulsed and interrupted high voltage output signal in response to the gating signal of the low voltage circuit and includes a magnetic field generator for receiving the output signal from the high voltage circuit and generating a pulsating and interrupted magnetic field in response to the output signal."*

21.    Upon information and belief, Defendants have in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the '057 Patent, with knowledge that the '057 Patent has expired:  Riddex® Plus Pest Repelling Aid.

22.    The false patent markings for the Riddex® Plus Pest Repelling Aid product is found on the product packaging (*See* paragraph 7 above).

23.    Upon information and belief, Defendants know, or should know (by themselves or by their representatives), that the '057 Patent marked on the Riddex® Plus Pest Repelling Aid has expired.

24.    Upon information and belief, Defendants know, or should know (by itself or by its representatives), that the Riddex® Plus Pest Repelling Aid is not covered by the expired '057 Patent marked on such product because an expired patent has no prospective rights.

25.    Upon information and belief, Defendants intentionally included the expired '057 Patent in the patent markings of the Riddex® Plus Pest Repelling Aid, in an attempt to prevent competitors from using the same or similar pest repellant product.

26.    Upon information and belief, Defendants mark the Riddex® Plus Pest Repelling Aid with the expired '057 Patent for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the expired '057 patent.

27.    Each false marking on the Riddex® Plus Pest Repelling Aid is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

28.    Defendants have wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

29.    Upon information and belief, Defendants know, or reasonably should know, that marking the Riddex® Plus Pest Repelling Aid with false patent statements was and is illegal under Title 35 United States Code.  At a minimum, Defendants had and have no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

30.    Upon information and belief, Defendants' marking of the Riddex® Plus Pest Repelling Aid with the expired '057 Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

31.     Upon information and belief, for at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described Riddex® Plus Pest Repelling Aid in the market place.

32.     The instances of false marking alleged in Count I of this Complaint are representative and not meant to be exhaustive.

33.     For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

34.     Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against each Defendant as follows:

(a)     A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b)     An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c)     An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

7

(d)       All costs and fees incurred as a result of the prosecution of this action; and

(e)       Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 24, 2010

Respectfully submitted,

Joseph M. Vanek

*Attorneys for Plaintiff*
Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com
E-mail: mcadrot@emcpc.com
E-mail: erynne@emcpc.com