## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:10-cv-01293 |
| | ) | Honorable Elaine E. Bucklo |
| GLOBAL INSTRUMENTS, LTD. and | ) | |
| GLOBAL TV CONCEPTS, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS OR STAY

Peter J. McAndrews (ID No. 6226954)
Gerald C. Willis (ID No. 6238372)
MCANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, IL 60661
Tel:  (312) 775-8000
Fax:  (312) 775-8100
pmcandrews@mcandrews-ip.com

*Attorneys for Defendants, Global Instruments,
Ltd. and Global Concepts Limited, Inc.*


Craig B. Sherman (ID No. 2582716)
Drew B. Sherman (*pro hac vice applied for*)
SHERMAN LAW OFFICES, CHARTERED
1000 Corporate Drive - Suite 310
Fort Lauderdale, Florida 33334
Tel:  (954) 489-9500
Fax: (954) 489-9531
cbs@shermanlegal.com
drew@shermanlegal.com

*Attorneys for Defendant, Global Concepts
Limited, Inc.*

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...........................................................................................................1

II.     LEGAL STANDARDS FOR DISMISSAL ..................................................................2

    A.      Legal Standard for Rule 12(b)(1).........................................................................2

    B.      Legal Standard for Rule 12(b)(6).........................................................................3

III.    DISMISSAL IS WARRANTED ....................................................................................3

    A.      Marking After Patent Expiration Does Not Violate 35 U.S.C. § 292..........................3

    B.      Injury is Not Sufficiently Pleaded.................................................................................7

    C.      Intent to Deceive is Not Sufficiently Pleaded Under Rule 8(a) or
            Rule 9(b) ................................................................................................................9

    D.      Dismissal Should Be With Prejudice Because Repleading Would
            Be Futile..............................................................................................................14

IV.     ALTERNATIVELY, A STAY OF ALL PROCEEDINGS IS WARRANTED....................14

# TABLE OF AUTHORITIES

**Cases**

*Arcadia Mach. &Tool, Inc. v. Sturm, Ruger & Co., Inc.*,
  786 F.2d 1124 (Fed. Cir. 1986)...................................................................... 4

*Argo Dutch Indus. Ltd.* v. *United States*,
  508 F.3d 1024 (Fed. Cir. 2007)...................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. ___, 129 S. Ct. 1937 (2009) ....................................................... 3, 10

*Baxter Intern., Inc. v. Fresenius MedicalCare Holdings, Inc.*,
  No. 08 C 2389, 2008 WL 4395854, *3 (N.D. Ill. Sept. 25, 2008)......................... 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................... 3, 9, 10, 13

*Borsellino v. Goldman Sachs Group, Inc.*,
  477 F.3d 502 (7th Cir. 2007)...................................................................... 14

*Brinkmeier v. Graco Children's Products, Inc.*,
  __ F. Supp. 2d __, 2010 WL 545896 (D. Del. Feb. 16, 2010)...................... 9, 12, 13

*Clinton v. Jones*,
  520 U.S. 681 (1997) ................................................................................ 15

*Clontech Lab., Inc. v. Invitrogen Corp.*,
  406 F.3d 1347 (Fed. Cir. 2005).......................................................... 9, 10, 12

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)........................................................ 10, 11, 12

*FMC Corp. v. Control Solutions, Inc.*,
  369 F. Supp. 2d 539 (E.D. Pa. 2005) ............................................................. 4

*Forest Group, Inc. v. Bon Tool Company*,
  590 F.3d 1295 (Fed. Cir. 2009)................................................................. 1, 9

*Friends of the Earth, Inc. v. Laidlaw Environ. Svcs., Inc.*,
  528 U.S. 167 (2000) .................................................................................. 7

*Gustafson v. Alloyd Co., Inc.*,
  513 U.S. 561 (1995) .................................................................................. 7

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997)..................................................................... 11

*Juniper Networks v. Shipley,*
   No. C 09-0696, 2009 WL 1381873 at *4 (N.D. Cal. May 14, 2009) ........................................ 9

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
   511 U.S. 375 (1994) ........................................ 2

*Lee v. City of Chicago,*
   330 F.3d 456 (7th Cir. 2003) ........................................ 2

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ........................................ 7

*Mayview Corp. v. Rodstein,*
   620 F.2d 1347 (9th Cir. 1980) ........................................ 9, 10

*Norfolk Redev. & Hous. Auth. v. Chesapeake & Potomac Tel. Co.,*
   464 U.S. 30 (1983) ........................................ 6

*Pequignot v. Solo Cup Co.,*
   640 F. Supp. 2d 714 (E.D. Va. 2009) ........................................ 5, 8, 14, 15

*Sears v. Likens,*
   912 F.2d 889 (7th Cir. 1990) ........................................ 12

*Siegel v. Shell Oil Co.,*
   480 F. Supp. 2d 1034 (N.D. Ill. 2007) ........................................ 12

*Stauffer v. Brooks Bros., Inc.,*
   615 F. Supp. 2d 248 (S.D.N.Y. 2009) ........................................ 2, 8, 14, 15

*Summers v. Earth Island Inst.,*
   129 S. Ct. 1142 (2009) ........................................ 7

*TRW Inc. v. Andrews,*
   534 U.S. 19 (2001) ........................................ 7

*Vermont Agency of Natural Res. v. United States ex rel. Stevens,*
   529 U.S. 765 (2000) ........................................ 3

*Voracek v. Nicholson,*
   421 F.3d 1299 (Fed. Cir. 2005) ........................................ 7

*Wilson v. Singer Mfg. Co.,*
   12 F. 57 (C.C.N.D. Ill. 1882) ........................................ 4

*Wilson v. Singer Mfg. Co.,*
   30 F. Cas. 223 (N.D. Ill. 1879) ........................................ 4

**Statutes**

35 U.S.C. § 154 ................................................................................................................ 5

35 U.S.C. § 271(a) ........................................................................................................... 6

35 U.S.C. § 287(a) ........................................................................................................... 1

35 U.S.C. § 292 ......................................................................................... 1, 2, 4, 9, 10, 14

35 U.S.C. § 292(a) ....................................................................................................... 3, 5

35 U.S.C. § 292(b) ........................................................................................................... 1

**Other Authorities**

S. 424, 36th Cong. § 20 (1st Sess. 1860) ......................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 1, 2, 8

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 3, 7, 9, 13

Fed. R. Civ. P. 8(a) ........................................................................................................... 2

Fed. R. Civ. P. 9(b) ................................................................................................... 2, 9, 10

## I.  INTRODUCTION

Plaintiff Thomas A. Simonian ("Simonian") brings this action pursuant to 35 U.S.C. § 292 (the "false marking statute"), alleging that Defendants, Global Instruments, Ltd. ("GI") and Global Concepts Limited, Inc. d/b/a Global TV Concepts, Ltd. ("GTVC"), have engaged in false marking "by marking certain of their Riddex® branded products with" the number of an expired patent, United States Patent No. 4,802,057 ("the '057 Patent). (Dkt. 1, Complaint at ¶ 2.)

Marking a product with a patent number can provide constructive notice that the product embodies the invention(s) defined by at least one of the numbered claims at the end of the patent. *See* 35 U.S.C. § 287(a). Simonian's Complaint does not allege that any of the allegedly marked Riddex® products do not embody an invention defined by at least one claim of the '057 Patent. (*See* Dkt. 1.) Rather, Simonian alleges that Defendants' purported continued marking of products with the '057 Patent after its expiration is actionable under the false marking statute.

The false marking statute allows any person to bring an action thereunder. 35 U.S.C. § 292(b). However, Simonian has not alleged any personal harm or actual injury resulting from Defendants' alleged conduct. For example, Simonian has not alleged that he is a competitor of the Defendants. In fact, the present action is one of 38 false patent marking lawsuits Simonian has filed this year in the Northern District of Illinois against various companies in a wide variety of industries.[1] Simonian is one of the opportunists that emerged after the Federal Circuit held that false marking penalties are calculated on a per article basis. *See Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295, 1304 (Fed. Cir. 2009).

As discussed herein, all counts of Simonian's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or Fed. R. Civ. P. 12(b)(6) for

---

[1] Simonian is one of several individuals that the Chicago law firms of Vanek, Vickers & Masini, P.C., Sperling & Slater, P.C. and Eugene M. Cummings, P.C. are using as front men for over 40 false patent marking cases recently filed in the Northern District of Illinois.

failure to state a claim upon which relief can be granted because: (1) marking (or advertising) an article with an expired patent that includes one or more claims encompassing the marked article does not violate 35 U.S.C. § 292; (2) the Complaint does not sufficiently allege any injury that would satisfy the actual case or controversy requirement of Article III of the U.S. Constitution; and/or (3) the Complaint does not sufficiently allege intent to deceive under the pleading standards of Fed. R. Civ. P. 8(a) or 9(b).  Dismissal should be with prejudice because repleading would be futile.

Alternatively, this action should be stayed until potentially controlling issues of law are clarified by the United States Court of Appeals for the Federal Circuit in the currently pending cases *Pequignot v. Solo Cup,* Appeal No. 2009-1547, and *Stauffer v. Brooks Brothers,* Appeal No. 2009-1428.  Such a stay (1) will not unduly prejudice or tactically disadvantage Simonian, (ii) will simplify the issues in question, and (iii) will reduce, or eliminate, the burden of litigation on the parties and on this Court

## II.    LEGAL STANDARDS FOR DISMISSAL

### A.    Legal Standard for Rule 12(b)(1)

Dismissal is warranted under Fed. R. Civ. P. 12(b)(1) if the Court lacks subject matter jurisdiction over the case.  The party asserting that jurisdiction is proper bears the burden of showing that jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).  Although the false marking statute is a qui tam provision—a statute that authorizes someone to pursue an action on behalf of the government as well as himself—in order to establish that subject matter jurisdiction exists, "all plaintiffs—including *qui tam* plaintiffs granted a statutory right of action—must satisfy the 'irreducible constitutional minimum' of standing."  *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 253 (S.D.N.Y. 2009) (quoting *Vermont Agency of Natural Res. v. United States*

*ex rel. Stevens*, 529 U.S. 765, 771 (2000)).

### B.    Legal Standard for Rule 12(b)(6)

Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.  To state a claim upon which relief can be granted, a complaint must "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In other words, a complaint must provide "enough facts to state a claim to relief that is plausible on its face."  *Id. at* 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).  While courts must treat a complaint's allegations as true, courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 129 S. Ct. at 1950.

## III.    DISMISSAL IS WARRANTED

### A.    Marking After Patent Expiration Does Not Violate 35 U.S.C. § 292

The false patent marking statute states in part:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public; . . . Shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a).

Simonian does not allege that Defendants marked any articles that are not encompassed by at least one claim of the '057 Patent.  Rather, Simonian only alleges that a violation has occurred because the '057 Patent expired.  Thus, the seminal legal issue presented by Simonian's Complaint is whether an article that is encompassed by one or more claims of a patent becomes an

"unpatented article" when the patent expires.  While there appear to be some disparate views among the district courts on this issue, the Federal Circuit has stated that marking errors that are "inadvertent, the result of oversight, or **caused by patent expirations**" would not be actionable under 35 U.S.C. § 292.  *Arcadia Mach. &Tool, Inc. v. Sturm, Ruger & Co., Inc.*, 786 F.2d 1124, 1125 (Fed. Cir. 1986) (affirming summary judgment primarily because the plaintiff had failed "to produce any evidence of intent to deceive the public") (emphasis added).

This Court concurred with this view long ago in *Wilson v. Singer Mfg. Co.,* 30 F. Cas. 223 (N.D. Ill. 1879), *aff'd,* 12 F. 57 (C.C.N.D. Ill. 1882), a *qui tam* action brought under R.S. § 4901, the predecessor to § 292, where this Court rejected the contention that patent expiration could deceive the public.  The court stated:

> **It may be valuable information to the public to be told that a machine offered for sale is made in accordance with a patent which has been granted, but which has expired.** So that purchasers instead of being deceived, have only desirable or important facts imparted to them, and are able to act more intelligently in dealing with the manufacturer or vendor.

*Wilson*, 30 F. Cas. at 224 (emphasis added).  The appellate decision in *Wilson*, which affirmed the finding that no false marking violation had occurred, was based on the ground that the statute did not apply to expired patents.  *Wilson*, 12 F. at 58.

Other district courts have also noted that marking with an expired patent may not violate the false patent marking statute because there is "no reason why [the patentee] may not display its patent number to inform the public of where to acquire the informational and teaching *quid pro quo* that underlies the granting of patent protection."  *FMC Corp. v. Control Solutions, Inc.,* 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005).  In other words, marking a product with an expired patent number can inform the public where to locate useful information about making and using the disclosed inventions that are now in the public domain, thereby benefitting the public.

These court decisions are logical and fair given that determining whether a patent has expired is a straightforward calculation that can be completed using publicly available information. Patents that issue from applications filed before June 8, 1995 (such as the '057 Patent) expire twenty years from the earliest claimed priority date (e.g., the filing date of the application for the patent) or 17 years from the date the patent issued, whichever provides for a longer term. 35 U.S.C. § 154. The issue date and application filing date are listed on the face of every patent. Obviously, Simonian's attorneys were able to quickly determine that the '057 Patent (and the numerous other patents at issue in the 40-plus false marking cases they have filed) had expired just like any other member of the general public could have done.

The Federal Circuit panel in *Pequignot* noted during oral argument that all one needs to do to determine if a patent is expired is plug the patent number into the Patent Office website and it shows whether the patent is expired. (*Pequignot* v. *Solo Cup Co.*, Appeal No. 09-1547, April 6, 2010 oral argument at 2:43-3:30, audio file available from http://oralarguments.cafc.uscourts.gov/.) In other words, providing a patent number is enough information to allow the public to easily determine whether the patent term has expired, and could be considered express notice that the patent has expired. Indeed, the *Pequignot* panel further commented that the expired patent number itself serves as notice to the public that the patent has expired. *Id.*

The language of the false marking statute itself supports a finding that marking an article encompassed by at least one claim of a patent does <u>not</u> become a violation when the patent expires. A paragraph of the false marking statute that deals with marking an article with the words "patent pending" or "patent applied for" states that such marking is actionable "when no application for patent has been made, or if made, <u>is not pending</u>[.]" 35 U.S.C. § 292(a). In other words, the statute explicitly states that when a patent application is no longer pending (i.e., the patent

application has expired), continuing to mark an article with the words "patent pending" or "patent applied for" is a violation.

The false marking statute, however, does not so indicate in connection with an article marked with an issued patent that has expired. The legislative history of the statute reveals that this omission was intentional. An amendment that would have changed the phrase "unpatented article" to "any article ... not at the time secured by a patent" was submitted to Congress in 1860. S. 424, 36th Cong. § 20 (1st Sess. 1860) (Ex. 1 at 16:1 – 17:8.) If adopted, the language would have brought marking with an expired patent within the scope of the false marking statute. However, Congress chose instead to retain the "unpatented article" language, indicating an intent not to expand the false marking statute to prohibit marking an article with an expired patent number. *See Norfolk Redev. & Hous. Auth. v. Chesapeake & Potomac Tel. Co.,* 464 U.S. 30, 40 (1983) (failure of a bill to pass was probative of congressional intent).

Another section of the Patent Act also supports a finding that marking an article encompassed by at least one claim of a patent does <u>not</u> become a violation when the patent expires. 35 U.S.C. § 271(a), which defines patent infringement, recites:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States **any patented invention during the term of the patent therefor,** infringes the patent.

35 U.S.C. § 271(a) (emphasis added). Modifying "patented invention" with "during the term of the patent therefor" indicates that the invention can be considered "patented" outside "the term of the patent therefor." This would be the case when a patent that encompasses a product expires. If a patented invention automatically became "unpatented" when the patent expired, the phrase "during the term of the patent therefor" would be rendered superfluous. However, it is a "cardinal principle of statutory construction that a statute ought … to be so construed that … no clause, sentence, or

word shall be superfluous." *Argo Dutch Indus. Ltd.* v. *United States,* 508 F.3d 1024, 1032 (Fed. Cir. 2007) (*quoting TRW Inc.* v. *Andrews,* 534 U.S. 19, 31 (2001)). By applying this cardinal principle to the false marking statute, it can be inferred that an article that is encompassed by at least one claim of an expired patent is not an "unpatented article." *Voracek v. Nicholson,* 421 F.3d 1299, 1304 (Fed. Cir. 2005) ("similar terms used in different parts of the same statute or regulation presumptively have the same meaning") (*citing Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 570 (1995)).

Because marking an article with an expired patent that includes one or more claims encompassing the marked article does not violate the false marking statute, and because Simonian's Complaint rests exclusively on the allegation that products were marked with an expired patent number, all the counts of the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### B.    Injury is Not Sufficiently Pleaded

Under Article III of the U.S. Constitution, a federal court may decide only actual cases or controversies. To satisfy Article III's standing requirements, a plaintiff must show: (1) an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is traceable to the defendant's action; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environ. Svcs., Inc.*, 528 U.S. 167, 180-181 (2000) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)). The requirement that a plaintiff demonstrate an actual injury in fact cannot be removed by statute. *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009).

The false patent marking statute is a *qui tam* provision—allowing an individual to pursue an action on behalf of the government.

In most qui tam actions, the alleged injury in fact to the United States as assignor is obvious and proprietary.  In a claim brought pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq., for instance, the injury in fact is simply the "proprietary injury resulting from the alleged fraud."  *Vermont Agency*, 529 U.S. at 771.  **In the context of a section 292 claim, however, the injury to the United States as assignor is far less evident.  By its terms, the statute seeks to protect the public not simply from false marking of unpatented articles but instead from false marking that is fraudulent, deceptive, and intentional.**

*Stauffer*, 615 F. Supp. 2d at 254 (emphases added).

Simonian's Complaint alleges that "[f]or at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public."  (Dkt. 1 at ¶ 33.)  However, such conjectural and hypothetical allegations are purely speculative, and do not state a concrete and particularized injury in fact that is actual or imminent, as required by Article III of the U.S. Constitution.  Indeed, such conclusory pleading resulted in dismissal of the false patent marking claim in *Stauffer*, 615 F. Supp. 2d at 255.

While a similarly pleaded action was allowed to proceed in *Pequignot v. Solo Cup Co.,* 640 F. Supp. 2d 714 (E.D. Va. 2009), the opinion in that case fails to appreciate that even a *qui tam* plaintiff must sufficiently allege an injury that would confer Article III standing (*i.e.*, a concrete and particularized injury in fact that is actual or imminent, and not conjectural or hypothetical).  Indeed, the court allowed the action to proceed despite acknowledging that "the injury to the United States is only to its sovereignty" and "[t]o the extent that there is any real injury caused by false marking, it is to competitors of the entity abusing patent markings."  *Pequignot,* 640 F. Supp. 2d at 728.

Because Simonian's Complaint only alleges conjectural and hypothetical injuries and does not provide factual allegations to support its conclusions as to injury in fact, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### C.     Intent to Deceive is Not Sufficiently Pleaded Under Rule 8(a) or Rule 9(b)

Although the Federal Circuit changed the damages standard for false marking cases in *Forest Group*, it did not change the pleading standard required to maintain such an action. Simply alleging that a company sold a product that is improperly marked with a patent number is not sufficient to state a cause of action.  Rather, a false marking violation occurs only where the marking was done with the "purpose of deceiving the public."  35 U.S.C. § 292.  A plaintiff desiring to bring a false marking action must, at a minimum, allege specific facts establishing that a defendant had the intent to deceive the public into believing that an unpatented article was in fact patented, so as to discourage others from developing products in competition with such article. *See Clontech Lab., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005) (holding intent to deceive is an element of a false marking claim)*; see also Brinkmeier v. Graco Children's Products, Inc.*, __ F. Supp. 2d __, 2010 WL 545896 (D. Del. Feb. 16, 2010). Simonian has alleged no such facts.

Courts have recognized that false marking claims involve an assertion of fraud and are, thus, subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1359 (9th Cir. 1980) (holding findings of intent to deceive for false marking claims should be consonant with fraud findings); *Juniper Networks v. Shipley,* No. C 09-0696, 2009 WL 1381873 at *4 (N.D. Cal. May 14, 2009).  Simonian has not come anywhere near satisfying the standards of Rule 9(b).  In fact, Simonian has even fallen far short of the more liberal standard of Rule 8(a), which still requires a plaintiff to plead facts (and not just legal conclusions) stating a claim.  *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Simonian's conclusory assertions of "an intent to deceive" without any factual allegations to support such an inference fall short of both standards. *Brinkmeier*, 2010 WL 545896 at *4.

9

With the recent flood of false marking cases, holding plaintiffs to the required pleading standard is particularly important. If the early cases considering the sufficiency of the complaints in these actions do not rigorously apply the requisite pleading standards set forth in cases such as *Twombly*, 550 U.S. 554 (2007) and *Iqbal*, 129 S.Ct. 1937 (2009), the recent flood of false marking cases in the district courts will only increase.

The elements of a claim for false patent marking are: "(1) a marking importing that an object is patented (2) falsely affixed to (3) an unpatented article (4) with intent to deceive the public." *Clontech Lab., Inc.*, 406 F.3d at 1351 (internal quotes omitted). The false marking statute is a penal statute, which courts are required to strictly construe. *See, e.g., Mayview Corp.*, 620 F.2d at 1359. Accordingly, claims under 35 U.S.C. § 292, requiring an "intent to deceive," sound in fraud. *Id.* Moreover, the Federal Circuit has held that other claims which arise under the patent laws and require a showing of "intent to deceive" sound in fraud, and must be pled with particularity under Rule 9(b). *See, e.g., Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1327 (Fed. Cir. 2009) (the Federal Circuit followed the Seventh Circuit and applied Rule 9(b) to the intent to deceive element of inequitable conduct claim). Because a false marking claim requires an "intent to deceive," Rule 9(b) applies.

Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Although intent may be averred "generally" under Rule 9(b), both the Federal Circuit and Seventh Circuit require an allegation of sufficient facts regarding an intent to deceive from which the Court may reasonably infer that a party acted with the requisite state of mind. *See Exergen*, 575 F.3d at 1327 & n.4 (citing cases).

When determining whether the averments of fraud meet the requirements of Rule 9(b),

10

the Federal Circuit "follow[s] the lead of the Seventh Circuit" and requires that the plaintiff identify the "specific who, what, when, where, and how" of the misrepresentation.  *Id.*  In the absence of specific factual allegations, a court is "correct to not draw any permissive inference of deceptive intent …."  *Id.*  "To allow plaintiffs and their attorneys to subject companies to wasteful litigation based on the detection of a few negligently made errors … would be contrary to the goals of Rule 9(b), which include the deterrence of frivolous litigation that could hurt the reputations of those being attacked."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (quoted with approval in *Exergen*, 575 F.3d at 1331).

Simonian provides no facts to support the "how" requirement of Rule 9(b), but offers only a conclusory assertion that "[o]n information and belief, Defendant[2] marks certain of its Riddex® branded pest repellant products with the Expired Patent with the intent to deceive the public and to gain a competitive advantage in the market." (Dkt. 1 at ¶ 2.)  Pleadings based on information and belief are permissible under Rule 9(b) when essential information is "uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based."  *Exergen*, 575 F.3d at 1330.

Simonian's false marking allegations fall far short of Rule 9(b)'s requirements. The "facts" Simonian has alleged to support the "intent to deceive" conclusion (i.e., that Defendants are "sophisticated" and "know, or should know (by themselves or by their representatives), that the '057 Patent marked on the Riddex® Plus Pest Repelling Aid has expired" (Dkt. 1 at ¶¶ 2 and 11)) do not plausibly suggest an "intent to deceive."  Such intent is a "state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and, consequently, that the

---

[2] It is significant that Simonian uses the singular "Defendant" in a manner that makes it impossible to determine to which Defendant the allegations refer.  The two Defendants, while coincidentally sharing the word Global in their names, are not legally related entities.  Thus, Simonian's vague and conclusory allegations are that much more so because one cannot even determine from the Complaint "who" is purportedly responsible for the alleged violation.

11

recipient of the saying will be misled into thinking that the statement is true." *Clontech Lab., Inc.*, 406 F.3d at 1352. Rather than suggesting an inference that Defendants intended to deceive anyone, Simonian's allegations suggest the more likely inferences that there was a belief that the marking was entirely proper because (1) it was accurate to inform the public that the marked product embodied the subject matter of one or more claims of the '057 Patent and/or (2) those responsible for marking the product did not realize that the patent had expired. Simonian's speculation, therefore, cannot support a reasonable inference that Defendants intended "to deceive the public and to gain a competitive advantage in the market." *See Exergen*, 575 F.3d at 1327 & n.4 (holding Rule 9(b) requires pleadings to "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.").

When, as here, a complaint lacks sufficient allegations of averments of fraud, the Court may strike such allegations from the complaint. *See, e.g., Siegel v. Shell Oil Co.*, 480 F. Supp. 2d 1034, 1039-40 (N.D. Ill. 2007) (holding that Rule 9(b) "applies to all 'averments of fraud'" and that "when an averment of fraud fails to satisfy Rule 9(b), it must be stricken from the complaint"). Because the sole count of the Complaint depends upon a finding of intent to deceive, the failure to comply with Rule 9(b) is fatal, and the Complaint should be dismissed in its entirety. *See id.* at 1040 ("[T]o proceed to trial on a claim that requires proof of an intentional fraudulent misrepresentation, a plaintiff must at the pleading stage describe with particularity the circumstances surrounding the intentional misrepresentation (i.e., the 'averment of fraud')— failure to do so warrants dismissal.") (citing *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)).

In *Brinkmeier*, the District of Delaware rejected "intent to deceive" allegations that were nearly identical to Simonian's allegations here as the following chart shows.

| Brinkmeier | Simonian |
|---|---|
| Upon information and belief, [defendant] marks products identified in paragraph 41 and its website with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products or website is covered by or protected by each the expired patents, including, but not limited to, the '468, '592, '255 and '129 patents.[3] | Upon information and belief, Defendants mark the Riddex® Plus Pest Repelling Aid with the expired '057 Patent for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the expired '057 patent. (Dkt. 1 at ¶ 26.) |
| Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents.[4] | Upon information and belief, Defendants each are sophisticated companies having experience applying for and obtaining patents. (Dkt. 1 at ¶ 11.) |

If anything, the plaintiff in *Brinkmeier* set forth allegations more detailed than the allegations made here, because that plaintiff also alleged that the defendant employed an intellectual property manager responsible for the defendant's intellectual property and patent markings. *See* Ex. 2, ¶¶ 46-48. Nevertheless, with the exception of allegations relating to one expired patent,[5] the *Brinkmeier* court held that the plaintiff's allegations "do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Twombly*." *Brinkmeier*, 2010 WL 545896 at *4. Here, as in *Brinkmeier*, Simonian's allegations of "intent to deceive" fail to supply any facts suggesting such intent and thus are merely conclusory statements that are not sufficient under Rules 8 and 9(b).

Because Simonian's Complaint does not provide any factual allegations to support its conclusions as to the Defendants' alleged knowledge of false marking or intent to deceive, Simonian's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[3] Ex. 2 (Docket Entry 12, Exhibit 1 to *Brinkmeier v. Graco Children's Products, Inc.*, Civil Action No. 09-cv-262-JJF at ¶¶ 90, 115); *see also Brinkmeier*, 2010 WL 545896 at *4-*5.

[4] Ex. 2 at ¶¶ 44.

[5] With respect to one expired patent, the *Brinkmeier* court held that the plaintiff pled sufficient facts to suggest intent to deceive. The *Brinkmeier* plaintiff alleged that defendant had sued two competitors for infringing the expired patent, and had revised its patent markings at least three times since that patent's expiration. *See Brinkmeier*, 2010 WL 545896 at *4. No such allegations are made here.

**D.** **Dismissal Should Be With Prejudice Because Repleading Would Be Futile**

When amendment would not cure the deficiencies in the complaint, the Court may dismiss the complaint without granting leave to amend (i.e., with prejudice). *See, e.g., Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 510-11 (7th Cir. 2007) (holding that the futility of any amendment is a basis to dismiss the case with prejudice). Simonian's Complaint should be dismissed with prejudice because amending the Complaint would be futile.

Marking an article with an expired patent that includes claims encompassing the marked article is not a violation of 35 U.S.C. § 292. No amendment to the Complaint can change that. Further, Simonian cannot show a concrete and particularized injury in fact that is actual or imminent, and not conjectural or hypothetical, as required to satisfy Article III's actual case or controversy requirement. Finally, Simonian cannot allege facts to support a reasonable inference of intent to deceive the public. That certain articles were purportedly marked with an expired patent is not sufficient in and of itself to draw such an inference of deceptive intent.

Because it would be futile for Simonian to replead, dismissal should be with prejudice.

## IV. ALTERNATIVELY, A STAY OF ALL PROCEEDINGS IS WARRANTED

The Federal Circuit is presently considering two cases that will have a significant impact on false marking cases and a decision in either appeal may help clarify the issues to be decided in the case at hand. *Stauffer v. Brooks Brothers,* Appeal No. 2009-1428, is expected to address Article III standing issues in false marking cases and *Pequignot v. Solo Cup,* Appeal No. 2009-1547, is likely to address issues related to the question of intent in false marking cases.[6] On April 6, 2010, the Federal Circuit heard argument in *Pequignot. Stauffer* is almost fully briefed

---

[6] To the extent Simonian argues that marking an article with an expired patent number may constitute false marking even if the article is encompassed by at least one claim of the expired patent, this issue may be addressed by the *Pequignot* appeal. Solo Cup has briefed the issue as an alternative ground to affirm the district court's judgment of no false patent marking. *See* Ex. 3, appellate brief of Solo Cup at 29-38.

and will be set for oral argument shortly. Given that the holdings in these cases may impact the instant case, this Court should stay this case pending the Federal Circuit's decisions.

A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to stay a case "the Court considers '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Baxter Intern., Inc. v. Fresenius MedicalCare Holdings, Inc.*, No. 08 C 2389, 2008 WL 4395854, *3 (N.D. Ill. Sept. 25, 2008).

A stay will not prejudice Simonian. He has not alleged any actual harm or damage, much less harm or damage to himself. He is not a competitor or customer of either Defendant. Indeed, Simonian has not alleged any act that has, at any time, affected him in any way.

A stay will undoubtedly simplify the issues in question. The law interpreting and applying the false marking statute is relatively undeveloped because false marking lawsuits were uncommon until the recent onslaught. The Federal Circuit's decisions in *Pequignot* and *Stauffer* may greatly clarify law directly applicable to this case, including law applicable to whether this Court has jurisdiction and whether this case ought to be dismissed, is ripe for summary judgment, or should proceed to trial on certain issues of fact. A stay could provide significant benefits inasmuch as the stay will lead to additional clarity in the law and thereby obviate the need for potentially unnecessary work. In sum, a stay could simplify, clarify, or eliminate issues, and potentially reduce or eliminate the burden of litigation on the parties and the Court.

Respectfully submitted,

Dated:  May 14, 2010

_s/Peter J. McAndrews_____
Peter J. McAndrews (ID No. 6226954)
Gerald C. Willis (ID No. 6238372)
MCANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, IL 60661
Tel:  (312) 775-8000
Fax:  (312) 775-8100
pmcandrews@mcandrews-ip.com

*Attorneys for Defendants, Global Instruments,*
*Ltd. and Global Concepts Limited, Inc.*

Craig B. Sherman (ID No. 2582716)
Drew B. Sherman (*pro hac vice applied for*)
SHERMAN LAW OFFICES, CHARTERED
1000 Corporate Drive - Suite 310
Fort Lauderdale, Florida 33334
Tel:  (954) 489-9500
Fax: (954) 489-9531
cbs@shermanlegal.com
drew@shermanlegal.com

*Attorneys for Defendant, Global Concepts*
*Limited, Inc.*

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:10-cv-01293 |
| | ) | Honorable Elaine E. Bucklo |
| GLOBAL INSTRUMENTS, LTD. and | ) | |
| GLOBAL TV CONCEPTS, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**AND NOW**, this _____ day of _____, 2010, upon consideration of the Defendant's Motion To Dismiss Or Stay, it is hereby **ORDERED**, that the Motion to Dismiss is **GRANTED**. Accordingly, Plaintiff Thomas A. Simonian's Complaint against Defendants, Global Instruments, Ltd. and Global Concepts Limited, Inc. d/b/a Global TV Concepts, Ltd., is **DISMISSED** with prejudice.

IT IS SO ORDERED.

**BY THE COURT:**

_____
Honorable Elaine E. Bucklo